The next case today is Pleasantdale Condominiums, LLC v. Thomas J. Wakefield, appeal number 21-1822. Attorney Pierce, please introduce yourself for the record and proceed with your argument. Good morning. May it please the court, my name is Roy Pierce and I represent the appellant, Pleasantdale Condominiums. We're here this morning because the district court effectively penalized my client for failing to present evidence of active concealment in opposition to Mr. Wakefield's motion for summary judgment, even though Mr. Wakefield hadn't raised the issue of active concealment in his motion. Excuse me, Mr. Pierce. I reviewed the filings on summary judgment, and here's what's troubling me. In your response to the summary judgment motion, you specifically conceived that the statutory ground is a ground on which Wakefield deserves summary judgment, and you then go on to say, however, we've raised the claim of active concealment, etc., etc., and go on and elaborate that claim. And then Wakefield, in his reply to that response, directly addresses your active concealment argument and explains why that argument can't prevail on summary judgment in his view. So in view of those materials in the summary judgment record, I'm troubled by the notion that the issue was not before Judge Torreson. Your Honor, in my opposition to Mr. Wakefield's motion, I, as you said, conceded the statutory basis of my fraudulent non-disclosure claim. It is clear as day that that claim actually had no basis. All I was pointing out was the fact that Mr. Wakefield had asked for a summary judgment on the whole case. That's how he posited it in his brief. And I was simply just pointing out to Judge Torreson the fact that although I was conceding summary judgment outright on count two, which was the negligent misrepresentation count, and that part of count one that was predicated on the statutory disclosure duty, I was in agreement that summary judgment should issue. And I was simply pointing out for the court that there remained a live issue in connection with the is incumbent upon the moving party to identify the issues on which it is seeking summary judgment. Mr. Wakefield went in accordance with district of Maine practice, filed the notice that he was intending to file a motion for summary judgment on the statutory duty. He got permission to file the summary judgment motion on the statutory duty, and he filed a motion for summary judgment on a statutory duty. No, his motion for summary judgment is, his motion is for summary judgment on the complaint. That's what, that's the language of the first paragraph of his motion. Right. And the only argument that he puts in play in his motion, despite having said he's seeking it on the complaint, is the only thing he addressed is that which he was permitted to then goes on to make a caveat emptor argument, which has no relevance to the statutory duty. The only relevance that his caveat emptor argument, which I agree with you may not be an articulate way of getting at the issue, the only relevance it could have in the case is to your claim of concealment. Caveat emptor had no relevance to his statutory non-disclosure claim. Caveat emptor, I would posit your honor, has no applicability here at all, because caveat emptor presupposes the absence of fraud, whether it is affirmative outright fraud or failure to that is, yes, but we've pleaded active concealment, which I take it as a way of saying caveat emptor won't work. Right. And he responds, pointing out why active concealment doesn't work in this case. So the, I'm not getting to the merits of whether active concealment and caveat emptor, how that gets resolved, but I'm still struggling with the notion of how, in view of that sequence of pleadings, we can say that the issue wasn't before Judge Torreson. But really your honor, that all comes up in the reply brief, the reply memo in support of the motion for summary judgment. I mean, he mentions in a perfunctory paragraph, the caveat emptor applies in his motion. I will grant you that, but the exposition of that, the alleged applicability of that doctrine to this case doesn't happen until the reply brief in support of his motion for summary judgment. Yeah. After, after your response memo in which you say, presumably as an answer to caveat emptor, that, that we've got a claim of active concealment in this case, because it was active concealment of the fill. I'm just, I mean, it seems to me that a district judge in Judge Torreson's position, seeing those pleadings, I'm struggling with the notion that it's not reasonable for her to think that that issue was before the court, particularly in a case where discovery is closed. Discovery period had run, isn't that correct? It is correct, your honor. And so all the evidence was before the court. Well, not all the evidence was not before the court because your honor, I didn't put the evidence that we have of active concealment before the court because Mr. Wakefield didn't put it before the court in his motion, evidence that he hadn't fraudulently concealed. What he had, your honor. There was, there were no direct negotiations between the parties prior to the execution of this agreement. Isn't that correct? That is correct. This was taken on an assignment. You admitted in response to a statement of material facts, not in dispute, that the only documents that your client relied on were the assignment and the purchase and sale agreement. That's correct. I've read both of those documents. Neither one of those documents contains anything that could support, in my view, a claim of active concealment. There's no representation in either of those documents. The purchase and sale agreement specifically is made as is. There's no negotiations between the parties, no documentation. And discovery doesn't produce any evidence of active concealment, at least discovery that you've come forward with. Your honor, what's missing in that is the condition of the property. This is 7,000 cubic yards of construction debris. It's essentially an unlicensed dump that has been covered with clay and silt and topsoil and vegetation. He buried the evidence of the essentially trash. Phil is always buried. That is true. You had a title search before your client bought the property. I would imagine so, but I was not involved in the acquisition of this property. And there's a recorded site plan that shows the fill area. Right. Phil, your honor, not junk, not construction debris. Even back in the 70s, I would submit that the city of South Portland didn't permit junk to be buried on a site and Phil is gravel and rock and sand and stone. Let me make sure I understand. The evidence of active concealment is the fact that the fill that Wakefield used was buried. And that it is buried, which leads to two inferences here, which is one, he was involved in burying it, or he was not involved in burying it. Well, let's say he was responsible for the burying. I think that's a reasonable inference. All right. Is that your evidence of active concealment? Well, the evidence of active concealment isn't before the court, but in broad strokes, that is basically the argument, your honor. Tell me what the evidence of active concealment is. As I said, discovery is complete. I agree with you. The evidence shows the burying of the debris, of the trash, as you call it. So the geotechnical reports that were attached to the, some of which were attached to the instances of this trash, sometimes it was 12 feet deep, sometimes it was two feet deep, that it was covered by topsoil, that it was graded, smoothed out, and there was grass on it, there were trees on this, this thing was covered in vegetation. There was no way in the world, by the naked eye, anyone was going to look at that piece of trash dump. Mr. Pierce, I have some sympathy for your argument that something in a reply brief, by a move on for summary judgment, wouldn't ordinarily be enough to give notice. But you did raise the issue, and so let's assume this case is sort of sui generis. We keep asking you, so where's the beef, right? Discovery is over with. It appears to me, at most, you have a legal theory about the nature of the term fill. You say this was trash, it wasn't gravel, rock, and sand. Whatever it was, whether it was trash, gravel, rock, or sand, it would have been covered over. So your theory of active concealment turns not on the word fill, but turns on the covering over. But that was described to you, so it's really hard to see what harm you suffered by the district court understanding that the issue was in the case, proceeding to resolve it. Any response? Well, I never got the chance, because it wasn't put in by the movement, teeing up the argument that I did not actively conceal this. So I did not have, with all the Rule 56 niceties, I didn't have the opportunity to lay out my case in the standard summary form for the district court to consider. Okay, I believe Judge Kayada has a question for you. When you got the reply brief, you knew everything you knew now about what they were trying to do. Did you go to Judge Torson at any point and ask to either strike the reply, or file a certain reply, or have oral argument, or supplement the summary judgment record? No, I did not. Honestly, Your Honor, it never occurred to me, until I saw that order from Judge Torson, that I would be penalized under the standard that we have for how we move summary judgment cases along, that I would be penalized for not rebutting an argument that was never made. But wasn't it made in the reply brief? It ended up getting made in the reply brief. There's your problem. You knew that the argument was being made. You were of the view that it was too late to make it, and that you could be prejudiced by, but you never said that to Judge Torson. That's right. I mean, there's no mechanism for me to, at that stage in the proceeding after a reply brief, to start making filings with Rule 56 statements of material fact, and opposing statements of material fact, and articulating my argument in, I guess, what would be a surreply, I suppose. But you could have asked Judge Torson to strike that paragraph from the reply brief, because the issue wasn't before the court. You could have asked for permission for a surreply, even after Judge Torson decided the case. You could have filed the motion and said, Your Honor, you've decided an issue that wasn't fairly before you. You didn't do any of those things. That is right. I did not do any of those, Judge Sawyer. Okay. Thank you, counsel. Thank you, Attorney Pierce. At this time, if you could please mute your audio and video. Attorney Cummings, if you could unmute your camera and your microphone, and introduce yourself on the record to begin. Yes. May it please the court, my name is Daniel Cummings, and I represent the appellee, Thomas Wakefield. I'd like to address just a couple of points. I think that, as I understand it, Mr. Pierce's argument is either or both of these, that the court's pretrial order precluded the raising of the issue of active concealment, because it only mentioned with regard to the statutory failure disclosed, and or that Mr. Wakefield failed to raise the issue. The first point, I don't think that's a fair point, in that there was no discussion in the pretrial meeting, or in the order, or anything else, that we were looking at two issues as it related to the fraud claim, and that we were bifurcating those issues, and that I was not looking at the requested relief related to it, with regards to the fraud count. I didn't see, I saw a reference to active concealment, but with regard to the request for relief, it only related to the statutory failure to disclose, which even Pleasantdale admitted was inapplicable. In my motion, I indicated that the statute clearly didn't apply, and therefore, and I think Judge Selye brought it up, I did say, therefore, the doctrine of caveat emptor does apply, buyer beware, and that there was no evidence that would alter that conclusion, and that I was, that Mr. Wakefield was thus entitled to summary judgment on that claim, not partially on the claim, or anything else, said on that claim, because there was nothing as conceived in the complaint that could defeat that. I think that the reply by Pleasantdale reveals that, and again, I think Judge Selye pointed out in response, Pleasantdale, after conceding the issue with regard to the inapplicability of the statute, said Mr. Wakefield's motion for summary judgment fails to address the alternate active concealment basis for the fraud claim. If I weren't allowed to raise the issue, I was precluded from doing so, because there was only one issue I could raise, that seems an odd way to state it, that I had failed to do it. If I couldn't do it in the first place, then not doing it certainly would not have been a failure, so I think that it was clearly on the table with regard to the issue of active concealment. With regard to the claim of active concealment, paragraph 42 is the only place in the complaint that pointed to this by Pleasantdale, and indicated that Wakefield actively concealed the presence of the uncontrolled fills by burying them so they could not be seen by visual observation. So with regard to that point, that was considered by Judge Torrison, and what Pleasantdale's complaint is, that she provided an inference that Mr. Wakefield did not conceal, did not cover the fill, and an equally valid inference was that he did cover it. I don't think that's what Judge Torrison said. In fact, I believe that her ruling assumed or inferred that Mr. Wakefield covered the fill, and what she said at the end of her decision on page five, is fill by its nature is generally covered, but that does not mean that Mr. Wakefield took steps to conceal the existence of the fill, and she noted that there had to be active concealment. So that's the very point that was raised in paragraph 42, to the extent that it sufficed for active concealment, and it was considered by the court. So there was not an inference that did not go in Pleasantdale's favor, and as to that active concealment and why I had a little bit of mentioned active concealment, yet if you read paragraph 45, it says as a direct and proximate result of the reliance on Mr. Wakefield's failure to disclose the presence of the uncontrolled fill. That's the language with regard to the duty under the statute to disclose it, as opposed to indicating that he was harmed by actions Mr. Wakefield took to actively conceal fill that the evidence showed was around and covered for at least a 20-year period prior to the time of the sale. About four minutes left. Mr. Cummings, I have a question. Yes. It kind of sounds to me like you're saying that once you dispose of the statutory issue, and they conceded they were wrong to have pled it, that the active concealment, only paragraph that goes to the active concealment is the one that says he covered it over, and that constituted active concealment. And I have the sense that you think that doesn't even survive 12B6. Correct, Your Honor. I don't think with regard to specificity for fraud that that would suffice as the sole statement. I understand Mr. Pierce today has some other things that he would like to raise, but none of those were pled in the complaint. And certainly, as I said, I believe that Pleasantdale knew active concealment was an issue on the basis of its reply, and given that discovery was over, and given that Pleasantdale was the plaintiff, with having brought the suit and the allegations in the first instance and bore the burden of proof that something should have been raised if, in fact, they actually had it. Okay. Thank you. Thank you. Are there further questions? No. Thank you very much, counsel. That concludes the arguments for today. This session of the Honorable United States Court of Appeals is now recessed until the next session of the court. God save the United States. Thank you, counsel. You may disconnect from the meeting.